IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

SYLVIA E. ROUNTREE, )
)
                            Plaintiff, )
)
v. )        No. 05-3528-CV-S-DW-SSA
)
JO ANNE B. BARNHART, )
Commissioner of Social Security, )
)
                            Defendant. )

**ORDER**

Plaintiff Sylvia E. Rountree seeks judicial review on a final decision of the Commissioner of Social Security Administration denying her application for benefits under Titles II and XVI of the Social Security Act. On September 23, 2004, the administrative law judge[1] ("ALJ") found Plaintiff was not under a disability as defined by the Act and therefore was not entitled to benefits. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate. See 42 U.S.C. §§ 405(g), 1383(c)(3). After carefully examining the entire record, the Court affirms the ALJ's decision for the reasons set forth below.

    I.      Standard of Review

The Court's review is limited to determining whether the ALJ's "determination is supported by substantial evidence on the record as a whole." Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the ALJ's determination." Id. The reviewing court must consider the whole record, including evidence that supports the decision as well as evidence that detracts from

---

[1] The Honorable Linda D. Carter

it. Pelkey v. Barnhart, 433 F.3d 575, 578 (8th Cir. 2006). Existence of substantial evidence supporting a contrary outcome does not require reversal by the reviewing court. Goff v. Barnhart, 421 F.3d 785, 789 (8th Cir. 2005). So long as the decision is supported by substantial evidence on the record, the reviewing court must affirm. Raney v. Barnhart, 396 F.3d 1007, 1009 (8th Cir. 2005).

    II.    Discussion

The complete facts and arguments are presented in the parties' briefs and will be duplicated herein only to the extent necessary. Plaintiff asserts that the ALJ erred by: 1) not affording controlling weight to the medical opinion of her treating physicians Matthew Stinson, M.D., and Eva Wilson, Psy.D.,; 2) improperly formulating Plaintiff's residual functional capacity ("RFC") relying on vague terms; and 3) failing to properly consider Plaintiff's subjective allegations of disabling symptoms. After careful review of the entire record and balancing the evidence supporting and contradicting the ALJ's determination, the Court is not persuaded that any reversible errors were made.

On the first point of error, the Court notes that it is the ALJ's function to evaluate the medical opinions contained within the record. Generally, the opinions of the claimant's treating physicians are entitled to substantial weight, but not in all cases. See Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004) (opinions must be supported by and not be inconsistent with the substantial medical evidence in the record); Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) (the ALJ resolves conflicts among conflicting or inconsistent medical opinions in the record); Bates v. Chater, 54 F.3d 529, 532 (8th Cir. 1995) (opinion of a treating physician must be supported by medical diagnoses based on objective evidence). Here, the ALJ found that Dr. Wilson examined Plaintiff only once. The ALJ found that Dr. Wilson's Medical Source Statement-Mental, completed over a year after the

examination, was inconsistent with her narrative report prepared at the time of the examination. Without deciding whether Dr. Wilson even qualifies as a treating physician after only one examination, the Court finds that the ALJ properly found the Medical Source Statement-Mental by Dr. Wilson not credible or persuasive due to inconsistencies with her treating notes. The Court finds that the ALJ did not err in discounting the weight afforded to Dr. Wilson's medical opinion.

Plaintiff also argues that controlling weight should be given to the medical opinions of Dr. Stinson. Plaintiff makes special note of the opinion of Dr. Stinson that Plaintiff was eligible for disabled parent status under Missouri's welfare program. Not only is there no evidence of Plaintiff actually receiving benefits under this program, it is not clear that the same standards or definitions of disability apply. Finally, the final determination of disability is an issue reserved for the Commissioner and a medical source's opinion as to disability is not given controlling weight. <u>Ellis v. Barnhart</u>, 392 F.3d 988, 994 (8th Cir. 2005) (special weight is given to medical opinions about the nature and severity of an individual's impairments). The ALJ further noted that there was no evidence of a mental examination of Plaintiff performed by Dr. Stinson and no evidence in his treatment notes supporting disabling symptoms related to diabetes or depression. The Court finds no error in the ALJ's evaluation of Dr. Stinson's medical opinion. Furthermore, as the ALJ evaluated all the medical opinions contained within the record, including the opinions of Drs. Lutz, Fleming, Stinson and Wilson, the Court finds her determination is supported by substantial evidence on the record as a whole.

Plaintiff's second point of error also fails. In formulating Plaintiff's RFC, the ALJ determined that she was restricted to a "low stress work environment," and that she required "access to snacks." (R. 26.) The Court is unconvinced by Plaintiff's argument that these terms are vague and render the

3

RFC invalid. Plaintiff has cited no case law to support this proposition and there is no evidence in the record that the vocational expert failed to adequately consider these restrictions in rendering her opinion. Accordingly, the Court finds that the RFC assessment is proper and supported by substantial evidence in the record as a whole.

Finally, the Court finds no error in the ALJ's analysis of the credibility of Plaintiff's subjective allegations. Courts generally defer to ALJ credibility determinations that are supported with good reasons and substantial evidence. Guilliams v. Barnhart, 393 F.3d at 801. Although no explicit reference was made to the Polaski decision or the individual factors explained therein, the ALJ analyzed the relevant evidence consistent with this standard. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984); see also Tucker v. Barnhart, 363 F.3d 781, 783 (8th Cir. 2004) (the ALJ need not discuss each Polaski factor methodically). Under this standard, the ALJ is permitted to discount subjective complaints, such as severity of impairments, if there are inconsistencies found in the evidence as a whole. Polaski v. Heckler, 739 F.2d at 1322. Here, the ALJ noted that Plaintiff's complaints were not entirely consistent with the credible medical evidence in the record. The ALJ also noted that Plaintiff had a poor work record, see Benskin v. Bowen, 830 F.2d 878 (8th Cir. 1987), and that Plaintiff missed scheduled appointments. See Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003) (failure to seek regular medical treatment is inconsistent with subjective complaints of disabling pain). Although there is evidence that Plaintiff suffered from various conditions that, left untreated, would negatively impact her ability to work, there is substantial evidence in the record that medical treatment was effective in controlling her symptoms. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993) (impairments that can be controlled by treatment or medication are not considered disabling). The Court finds that the record as a whole supports the

ALJ's determination that Plaintiff's subjective allegations were not fully credible.

III. Conclusion

After a careful examination of the record, the Court finds that the ALJ's decision is supported by substantial evidence on the record as a whole. Therefore, the Commissioner's decision denying Plaintiff's disability benefits and supplemental security income (SSI) is AFFIRMED.

IT IS SO ORDERED.


Date:   November 21, 2006                                         /s/ DEAN WHIPPLE
                                                                   Dean Whipple
                                                           United States District Court